UNITED STATES DISTRICT COURT　　　　　　　FOR ONLINE PUBLICATION
EASTERN DISTRICT OF NEW YORK

LEEROY ROBINSON,

         Plaintiff,    MEMORANDUM
                AND ORDER
  - versus -          15-cv-04832 (JG) (RML)

MUNICIPAL SERVICES BUREAU,

         Defendant.

A P P E A R A N C E S :

  RC LAW GROUP, PLLC
    285 Passaic St.
    Hackensack, NJ 07601
  By: Daniel Harris Kohn
    *Attorneys for Plaintiff*

  RC LAW GROUP, PLLC
    7118 Main St., Suite 2
    Flushing, NY 11367
  By: Matthew Sarles
    *Attorneys for Plaintiff*

  PELTAN LAW, PLLC
    128 Church Street
    East Aurora, NY 14052
  By: David G. Peltan
    *Attorneys for Defendants*

  MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS LLP
    17 West John St., Suite 200
    Hicksville, NY 11801
  By: Kate Cifarelli
    Bradley Jay Levien
    *Attorneys for Defendants*

  PELTAN LAW, PLLC
    1207 Delaware Ave., Suite 466
    Buffalo, NY 14209
  By: Brandon M. Wrazen
    *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

Plaintiff Leeroy Robinson filed this action against Defendant Municipal Services Bureau ("MSB"), alleging that it violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. Robinson claims that the glassine window of the envelope in which MSB sent him a debt collection letter displayed a reference number, which violated the FDCPA's prohibition against using unfair or unconscionable means to collect a debt. MSB filed a motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, I agree and dismiss the complaint.

## BACKGROUND

I draw all facts from the Complaint, ECF No. 1-1, the factual assertions in which I assume to be true in deciding this motion. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

In March 2014, MSB sent Robinson a letter—in an envelope with a see-through window—to collect on a debt.[1] Compl. ¶¶ 9, 11. Along with Robinson's name and address, a reference number associated with Robinson's debt was visible in the envelope's window. Compl. ¶ 12. Robinson did not file a copy of the envelope or letter as an exhibit to the Complaint.

Robinson commenced this action in state court on March 17, 2015, claiming that the visibility of the reference number on the envelope violates the FDCPA's provisions governing personal and confidential information. Compl. ¶¶ 12-14. Robinson seeks actual and statutory damages pursuant to 15 U.S.C. §§ 1692k(a)(1) and 1692k(a)(2)(A), attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), and a declaration that MSB's practices violated the

---

[1] MSB is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Compl. ¶ 3. The debt at issue was "a financial obligation that was primarily for personal, family or household purposes," and meets the definition of a "debt" as defined by 15 U.S.C. § 1692a(5). Compl. ¶ 8.

FDCPA. Compl. at 5. On August 18, 2015, MSB removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, *see* ECF No. 1.[2]

DISCUSSION

A.  *Legal Standard for Motion to Dismiss*

To survive a motion to dismiss pursuant to Rule 12(b)(6), Robinson must have alleged facts that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although as mentioned above I accept the facts alleged in the complaint as true, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), this tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I draw all inferences, within reason, in Robinson's favor. *Bolt Elec. Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995).

B.  *Section 1692f(8) of the FDCPA*

Robinson alleges various violations of the FDCPA, "including but not limited to 15 U.S.C. §§ 1692c(b), 1692d, 1692f, and 1692f(8)," but his complaint appears to rest on the provisions set forth in § 1692f. Compl. ¶ 15.

1.  *Text of the FDCPA*

The FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Specifically, § 1692f(8) bars debt collectors from "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails . . . except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8). Reviewing courts look at FDCPA claims using the

---

[2]  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

"least sophisticated consumer" standard of review, that is, the "test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

I begin by looking at the statute's text. *See Universal Church v. Geltzer*, 463 F.3d 218, 223 (2d Cir. 2006). Robinson argues that the visibility of the reference number violated the plain language of the statute's text and is "unfair or unconscionable because subsection (8) says it is." Pl.'s Opp. Br. at 5. For its part, MSB argues that § 1692f(8)'s prohibition against language or symbols on envelopes, if read literally, would produce absurd results: a debt collector would be unable to put a stamp—much less a recipient's name and address—on an envelope. Def.'s Br. at 4.

I agree with MSB that § 1692f(8) cannot mean precisely what it says without producing at least some illogical results. I therefore turn to the purpose and legislative history of the statute for assistance in divining the meaning of its text. *See Universal Church*, 463 F.3d at 223 ("[Courts] may look to the legislative history to determine the legislative intent where the plain statutory language is ambiguous or would lead to an absurd result."); *see also Gardner v. Credit Mgmt. LP*, 2015 WL 6442246, at *2 (S.D.N.Y. Oct. 23, 2015) ("[A] literal application of [§ 1692f(8)] would similarly prohibit the inclusion of the recipient's name, her address, or preprinted postage, which would . . . yield the absurd result that a statute governing the manner in which the mails may be used for debt collection might in fact preclude the use of the mails altogether.").

2.  *The Legislative History and Purpose of the FDCPA*

The FDCPA seeks "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1 (1977). It has, then, a two-pronged purpose—to protect consumers from abuse without overly restricting "ethical" debt collectors. Regarding the first prong, Congress listed various abuses it sought to prevent: "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Id.* at 2. Although this list of abuses is non-exhaustive, it does not include communications with consumers that neither mislead them nor identify them as debtors.

In its interpretation of the FDCPA, the Federal Trade Commission ("FTC") has determined that a debt collector does not violate the FDCPA for non-abusive and non-identifying communications. It has crafted a "[h]armless words or symbols" exception to the general prohibition against printing symbols on envelopes sent to consumers, allowing that "[a] debt collector does not violate this section by using an envelope printed with words or notations that do not suggest the purpose of the communication." Statements of Gen. Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02, 50108 (Dec. 13, 1988).

Courts reviewing § 1692f(8) have agreed with this interpretation and have found it to be in line with the statute's text. Though subsection (8) contains a blanket prohibition against using language or symbols on envelopes, it must be read "in the context of the preface of

5

section 1692, [which] prohibit[s] unfair and unconscionable conduct by debt collectors."
*Gelinas v. Retrieval-Masters Creditors Bureau, Inc.*, 2015 WL 4639949, at *2 (W.D.N.Y. July 22, 2015). Eschewing a literal application of the subsection to account for both the language of the statute and its legislative history, "[m]ost of the reported cases construing section 1692f(8) consider [harmless] the use of so-called 'benign language' on the mailing envelope, such as the terms 'immediate reply requested,' and 'priority letter,' a blue stripe and the word "TRANSMITTAL," the words "REVENUE DEPARTMENT" in the return address, and the terms "personal and confidential." *Id.* at *3 (collecting cases) (internal citations omitted).

    3.    *Application of the FDCPA*

I must decide whether the display of the reference number associated with the debt on the envelope sent to Robinson falls within this "benign language" exception to the FDCPA, or constitutes the type of confusing, abusive, or identifying communication the FDCPA seeks to prevent.

Robinson does not argue that the visibility of the reference number has harassed or confused him, but instead that the inclusion of this information, because it is tied to his specific debt, makes him vulnerable to *potential* harm. Pl.'s Br. at 7. Robinson describes this vulnerability as being at risk "to exposure of the number to a third party who, as opposed to a random stranger, may have some knowledge of the debtor's predicament, but not know the account number." Pl.'s Br. at 6. MSB argues that the reference number does not suggest the purpose of its mailing to Robinson and instead is "just a number without context." Def.'s Reply Br. at 4.

I agree with MSB and conclude as a matter of law that the inclusion of a reference number visible through the envelope's "window" cannot violate the FDCPA. Although the

reference number has import within MSB's internal system, when it is printed on an envelope, it is meaningless—even to someone with knowledge of Robinson's debtor status. Robinson has not alleged that the reference number looks any different from such identifiers on insurance policies, bank statements, subscription notices, "or any of the other myriad junk mail communications that arrive in plain white envelopes with glassine windows on a daily basis in the mailboxes of America." *Perez v. Global Credit and Collection, Corp.*, 2015 WL 4557064, at *4 (S.D.N.Y. July 27, 2015).

Robinson further argues that the exposure of the reference number could be used by someone impersonating him to uncover information about his debt and asks: "[w]as Congress not concerned about a nosey roommate, a concerned relative, or a vindictive ex-spouse?" Pl.'s Br. at 6-7. I note first that Robinson has neither alleged that the reference number printed on the envelope sent to him *actually* identifies him as a debtor, nor that its publication *actually* threatened or harassed him. At any rate, I reject the contention that the mere presence of a reference number—a string of random digits—creates an actionable violation under the FDCPA, even if it were to fall into the hands of the blackhearted cast of characters Robinson hypothesizes.

> In order for any hypothetical member of the public who views the envelope . . . to perceive that debt collection is involved and is at issue . . . that member of the public would have to be blessed (or cursed?) with x-ray vision that enabled him or her to read the letter contained in the sealed and assertedly offending envelope. Absent that, any deciphering of the impenetrable string of numbers and symbols on the outside of the [envelope at issue] would have to depend on some sort of divination. That is simply not the stuff of which any legitimate invocation of the Act or its constructive purposes can be fashioned.

*Sampson v. MRS BPO, LLC*, 2015 WL 4613067, at *1 (N.D. Ill. Mar. 17, 2015) (dismissing a complaint seeking damages against a debt collector for placing the collection account number on the outside of an envelope). In short, Congress intended the FDCPA to prevent debt collectors

7

from intimidating or identifying debtors, and neither purpose is implicated by the reference number's presence on the envelope at issue here.

The Second Circuit has yet to decide this issue, but my colleagues within the circuit who have done so—in claims alleging substantially similar facts to the instant claim—agree with me. *See Perez*, 2015 WL 4557064, at *3 ("[T]his Court finds that plaintiff's account number—a string of eight meaningless digits—falls comfortably within the 'benign language' exception to § 1692f(8); *Gelinas*, 2015 WL 4639949, at *4 ("[I]t cannot be said that the visibility of a series of letters and numbers above the recipient's name is capable of identifying that person as a debtor."); *Gardner*, 2015 WL 6442246, at *6 ("A string of alphanumeric characters does not disclose anything about Gardner's private affairs, nor can Gardner plausibly assert that such characters would tend to mislead a debtor.").[3]

The text of § 1692f, its legislative history and purpose, and common sense all support dismissing the complaint as a matter of law for its failure to state a claim.

CONCLUSION

For the reasons set forth above, I grant MSB's motion and dismiss the complaint with prejudice.

---

[3] I acknowledge that the Third Circuit, in considering an account number printed on a debt collection envelope, found it to be "a core piece of information pertaining to [the debtor's] status as a debtor and [Defendant's] debt collection effort. Disclosed to the public, it could be used to expose her financial predicament." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). I am not bound by the Third Circuit's conclusions. Moreover, I disagree with *Douglass* and agree with *Perez* that it is unsupported by any analysis as to *how* the printing of random symbols, meaningful only to those at the organization who issued those symbols and who already know the consumer is in debt, can be used to expose a consumer's status as a debtor. *Perez*, 2015 WL 4557064, at *4.

So ordered.

John Gleeson, U.S.D.J.

Dated: November 24, 2015
Brooklyn, New York